# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY BEARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-1180-G |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Kelly Beard brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Having reviewed the administrative record (Doc. No. 10, hereinafter "R. _"), and the arguments and authorities submitted by the parties, including the supplemental briefs submitted at the Court's request, the Court finds that the decision of the Commissioner should be reversed and the matter remanded for further administrative proceedings.

Plaintiff alleges that the November 18, 2016 written decision of the administrative law judge ("ALJ") erred in the analysis of and weight afforded the opinion of rheumatologist Fahed Hamadeh, MD, as expressed in a Physical Residual Functional Capacity Assessment ("PRFCA"). R. 17-19, 1446-51 (Ex. 29F). At the November 3, 2015 administrative hearing, the ALJ expressed concern about the lack of documentation of Plaintiff's functional limitations during the relevant period—from February 14, 2012, the

alleged onset date, to December 31, 2013, the date Plaintiff was last insured for disability benefits. R. 60-75. Plaintiff's attorney agreed to recontact Plaintiff's physicians and to request such opinions. R. 106-08. The record demonstrates that on December 1, 2015, the PRFCA completed and signed by Dr. Hamadeh was faxed to Plaintiff's attorney, who in turn faxed the form to the ALJ. R. 1446-51, 1452

On June 2, 2016, the ALJ faxed a letter to Dr. Hamadeh acknowledging receipt of the PRFCA but complaining that the form was not dated. R. 340-53. The ALJ attached a Medical Source Statement of Ability to Do Work-Related Activity form to his letter and requested that Dr. Hamadeh complete the additional form, limiting his opinions to the period from February 13, 2012, through December 31, 2013. R. 340, 347-53. Dr. Hamadeh dated and returned the PRFCA form he had previously filled out with the date he received the ALJ's letter, R. 1452-58 (Ex. 30F), but declined the request to fill out the additional form, R. 1467, 1474-79 (Ex. 31F).

In his unfavorable decision, the ALJ detailed these and the subsequent efforts he and the state agency made to procure the additional forms from Dr. Hamadeh. R. 17-19. The ALJ concluded that Dr. Hamadeh's opinions "do not relate to the period at issue herein, which is from [Plaintiff's] alleged onset date of disability of February 14, 2012, through the date her insured status expired on December 31, 2013." R. 31. The ALJ thus determined that "the opinion of Dr. Hamadeh is entitled to very little weight because he repeatedly declined to offer any opinion concerning the relevant time period, which expired on December 31, 2013." R. 31-32.

Dr. Hamadeh's PRFCA does contain a date range, however. In small type, on the first page of the PRFCA, it states: "Time Period from 08/08/2013 to 10/15/2015." R. 1446. These dates correspond with the date of Plaintiff's first appointment with Dr. Hamadeh and the date of Plaintiff's last appointment before Dr. Hamadeh submitted the form to Plaintiff's attorney in December 2015. The date range specified on the PRFCA overlaps with what the ALJ found to be the relevant time period: February 14, 2012, through December 31, 2013. R. 31.

Following initial briefing, the Court notified the parties of the fact of the specified date range and noted that it appeared that Dr. Hamadeh's opinions had been rejected based on an erroneous reading of the record. The parties were permitted to submit supplemental briefs on the issue, which they did. Doc. Nos. 18, 21, 22.

No party has disputed that the specified date range was in fact printed on Dr. Hamadeh's PRFCA. Defendant argues, however, that the date range may reasonably be read as a recitation of the period Plaintiff was seen by Dr. Hamadeh and not the period in which Dr. Hamadeh's opinions apply. *See* Suppl. Br. in Support of Comm'r's Decision (Doc. No. 21) at 2. The Court disagrees. The context of the PRFCA—a form detailing a physician's opinions as to a claimant's condition—indicates that the statement "Time Period from 08/08/2013 to 10/15/2015" was intended to mean that the opined conditions were present "from 08/08/2013 to 10/15/2015." R. 1446.

Defendant further contends that Dr. Hamadeh was not a treating physician, there are other good reasons for disregarding his opinions, and the weight of the evidence would lead to the same result reached by the ALJ even if Dr. Hamadeh's opinions were fully

credited. *See* Suppl. Br. in Support of Comm'r's Decision at 1-3. But all of these arguments call for the Court to engage in the type of post hoc reasoning prohibited of it. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."); *Zemp-Bacher v. Astrue*, 477 F. App'x 492, 495 (10th Cir. 2012) ("The court must rely on the conclusions drawn by the ALJ . . . ."). Further, the Court should not "engage in an impermissible reweighing of the evidence." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

Ultimately, the reason given by the ALJ for rejecting Dr. Hamadeh's opinions is not supported by substantial evidence in the record. *See Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). The decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge