# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-1180-G |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant.[1] | ) |

## ORDER

Now before the Court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 30), filed by Plaintiff's counsel Miles Mitzner.

On March 28, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA"), which had denied Plaintiff's application for disability insurance benefits ("DIB"), and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 24) at 1. On August 18, 2020, the Social Security Administration issued a favorable decision on Plaintiff's DIB application and found that Plaintiff was entitled to benefits beginning in February 2014. *See* Pl.'s Mot. Att'y Fees at 1-2; *id.* Ex. 2 (Doc. No. 30-2) at 1. The Commissioner's notice states that Plaintiff is entitled to past-due benefits of $107,619.60 and that 25 percent, or $26,904.90, of those past-due benefits is being

---

[1] The Acting Commissioner is hereby substituted as Defendant in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

withheld to be applied toward attorney's fees for work done in this action. *See* Pl.'s Mot. Att'y Fees Ex. 2, at 1.

> Subsection 406(b) provides:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In his Motion, Plaintiff's counsel requests a fee award of 25 percent of Plaintiff's total past-due benefits, which is the percentage stipulated in the fee agreement between Plaintiff and Plaintiff's counsel. *See* Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 30-1) at 1. In response to Plaintiff's counsel's Motion, the Commissioner states that she takes no position on the reasonableness of counsel's request. The Commissioner notes that Plaintiff was previously awarded $10,121.30 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and that upon the award of these § 406(b) fees Mr.

Mitzner must refund the lesser EAJA award to Plaintiff. *See* Order of June 6, 2019 (Doc. No. 27) at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

The time sheet submitted by Plaintiff's counsel includes an entry for 6.75 hours that has no corresponding description of the tasks performed and does not identify the date that time was worked. *See* Pl.'s Mot. Att'y Fees Ex. 3, at 2. Plaintiff's counsel has not established the reasonableness of this portion of his request, and therefore the Court will reduce the attorney work hours upon which it shall consider Mr. Mitzner's fee award by 6.75 hours. *See id.*; *Gisbrecht*, 535 U.S. at 807.

Having carefully reviewed the parties' submissions, the Court finds that Mr. Mitzner's requested award of $26,904.90 should be correspondingly decreased. Beginning with a $202.00 hourly rate for the 6.75 unapproved hours, *see* Pl.'s Mot. Att'y Fees Ex. 3, at 2, and then applying the 2.7 multiplier referenced by Mr. Mitzner, *see* Pl.'s Mot. Att'y Fees at 5, the Court concludes that the request should be reduced by $3681.45. The resulting award of $23,223.45 is about 22% of the past-due benefit award and is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Mr. Mitzner filed a detailed opening brief, presenting several arguments that the administrative law judge erred in denying Plaintiff's DIB claim. *See* Doc. No. 15. The Commissioner filed a brief in opposition, which Mr. Mitzner was required to review. Mr. Mitzner additionally prepared and submitted supplemental briefing pursuant to Court order. *See* Doc. Nos. 15, 16, 18, 22; Pl.'s Mot. Att'y Fees Ex. 3, at 2-3.

Mr. Mitzner represents that he and his staff spent 52.15 hours (prior to the Court's reduction of 6.75 hours, *see supra*) litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $527.77.  *See* Pl.'s Mot. Att'y Fees Ex. 3, at 3; Def.'s Resp. (Doc. No. 32) at 2 n.2; *Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour).  While a large sum, Plaintiff's past-due benefit award was likewise significant.  Plaintiff and Mr. Mitzner agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request, and the Court finds the unopposed request reasonable under the circumstances of this case.  *See* Pl.'s Mot. Att'y Fees Ex. 1, at 4-7; *cf. Boatman v. Astrue*, No. CIV-12-184-M (W.D. Okla. Sept. 3, 2015) (order approving § 406(b) award where putative rate was approximately $788.64 per hour).

## CONCLUSION

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 30) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's attorney Miles Mitzner is awarded attorney's fees in the amount of $23,223.45, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case.  *See* 42 U.S.C. § 406(b)(1)(A).  The Social Security Administration shall pay this amount directly to: Miles Mitzner, P.O. Box 5700, Edmond, Oklahoma, 73083.  Upon payment,

Mr. Mitzner shall promptly refund to Plaintiff the $10,121.30 previously awarded under 28 U.S.C. § 2412.  *See* Order of June 6, 2019, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 15th day of December, 2021.

*[signature]*
CHARLES B. GOODWIN
United States District Judge